ELBE FILE AND BINDER COMPANY, Plaintiff, *v.* MOSES FINE, Defendant.

Supreme Court, New York County, May 26, 1930.

*Haskell & Price* [*L. M. Feinberg* of counsel], for the plaintiff.

*H. L. Falk,* for the defendant.

PETERS, J. The defendant entered the employ of the plaintiff as a salesman under an oral contract some time in 1923. Prior to that time he had been in the textile business. The employment was continued for a period of time under an oral contract which was succeeded by a written contract, which, in turn, was succeeded by the written contract in question in this action. The last contract was to cover the years 1926, 1927 and 1928.

This is not the case of an ordinary salesman or an ordinary employee. The evidence convincingly establishes to the mind of the court the fact that while in the business of the plaintiff, the defendant learned the entire business and business secrets of the plaintiff, not only in the line of selling its goods, including its customers, but also in the manufacture of the articles made by the plaintiff. The contract is not the ordinary printed form of contract on which the employee is compelled to sign on the dotted line. It was made after careful consideration and discussions, during which the defendant was represented by an attorney, who, in fact, advised the defendant that the negative covenant contained in the contract was illegal because the period of time of five years was too long.

I find that there is no unfair provision in this contract whereby the defendant could have been discharged at the will of the plaintiff. The contract absolutely gave the defendant three years' employment at the sum of $5,720 a year and an added percentage of compensation provided the sales of the company were over $190,000 a year. This added compensation of two and one-half per cent was not based on any business brought in by the defendant, but in fact, was based on the entire business of the plaintiff. The fact that defendant learned the entire business secrets of the manufacture of the articles produced by plaintiff was shown by defendant's examination before trial, when he testified that he had charge of the manufacture of the articles made by the Burrows Bindery, Inc., with which concern he is now connected. It is not a case of an

ordinary employee leaving the employ of the employer and taking a job with some other concern. [This defendant, even before the termination of the contract, set about the incorporation and formation of an independent competing business,] and accepted positions of trust in that corporation, including the offices of president and secretary. The entire stock of the company is owned by his wife. In the judgment of the court that business is the business of the defendant carried on under the corporate name of Burrows Bindery, Inc.

The compensation paid the defendant in this case under the contract in question and the period of time for which he was employed without fear of discharge at the will of the plaintiff all constituted a [sufficient and valid consideration] for such a negative covenant as is sought to be enforced in this case under the authority of *McCall* v. *Wright* (198 N. Y. 143, at p. 151).

The defendant entered into this contract with his eyes open; with full knowledge of what he was doing, and he promised, as part of the consideration of his employment, the benefits of which he was to receive, that [he would not engage, directly or indirectly, in any competing business for five years after the termination of the contract.] He has knowingly violated that contract solemnly entered into. I say he did so because he testified that his counsel gave him his legal opinion as to the effect of his contract. He entered into this contract hoping that this provision was illegal and that after receiving the full benefits of the contract from the plaintiff under the contract he could at will violate the covenant that he made. Under all the circumstances of the case, equity will enforce this negative covenant.

I, therefore, grant judgment in favor of the plaintiff restraining and enjoining the defendant from in any manner for the term of five years from the 31st day of December, 1928, whether in his own behalf or in behalf of any other person, partnership or corporation, whether in person or through the agency or instrumentality of another, from engaging in the business of manufacturing, selling or soliciting, or in any other way being interested in the manufacture or the sale of binders, loose-leaf folders and articles manufactured by the plaintiff, up to the time of the termination of the contract in question.

The execution of the judgment is stayed for thirty days. If, in the meantime, the defendant takes an appeal from the judgment to the Appellate Division, this stay will be extended until the termination of the appeal by that court. Costs to the plaintiff. Requests to find passed upon. Settle decision and judgment on notice.